UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BEVERLY HEFFINGTON,

Plaintiff,

v.

GORDON, AYLWORTH AND TAMI, P.C.,

Defendant.

Case No. 3:16-cv-02079-AC

OPINION AND ORDER

---

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Beverly Heffington ("Heffington") brings this lawsuit against Defendant Gordon, Aylworth and Tami, P.C. ("GAT"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Presently before the court is GAT's Second Motion for Summary Judgment, ECF No. 36, addressing Heffington's only remaining claim, under § 1692e(2)(A) of the FDCPA. For the

reasons set forth below, the motion is granted.[1]

*Background*

The following facts are undisputed by the parties and taken from the court's ruling on a prior motion for summary judgment in this case. (*See* Opinion and Order, ECF No. 34, at 2–3.) More than a decade ago, First Resolution Investment Corporation ("First Resolution") enlisted the help of GAT, then named Daniel P. Gordon, P.C., to assist in collecting debts owed. Heffington owed First Resolution the balance of two respective bank accounts. GAT first communicated with Heffington on June 19, 2006, when it sent her two letters, one for each account.

In 2007, a state court awarded First Resolution a combined general judgment against Heffington for the debts, which were then combined into a single judgment account. No payment was made on that account.

On June 23, 2016, GAT sent Heffington another letter, again requesting payment on the debt, which, by that time, had grown significantly due to accrued interest. That letter, in relevant part, read: "This firm has been retained to collect a judgment in the sum of $25,623.94, which is the current balance, and which includes $11,360.91 of post-judgment interest. Interest may continue to accrue in accordance with the judgment until the balance is paid in full."

Heffington filed this suit in October 2016, alleging the letter violated the FDCPA by "failing to effectively convey the disclosures required by 15 USC 1692g(a)." (Initial Complaint, ECF No. 1, ¶ 9.) Specifically, Heffington claimed the letter's representation that "interest may continue to accrue" failed "to state unequivocally whether interest [wa]s accruing" and, therefore, was

[1] The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

ambiguous. (*Id.*) GAT moved for summary judgment on the claim, defending that the letter was not an "initial communication" subject to 15 U.S.C. 1692g(a), and even if it were, the language complied with the provision. (*See* Def.'s First Mot. for Summ. J., ECF No. 9.)

Before the court issued its ruling on that motion, Heffington requested leave to amend her complaint to add a claim under § 1692e of the FDCPA. (ECF No. 16.) The court granted leave, and Heffington filed a first amended complaint ("FAC"). (First Amended Complaint, ECF No. 30, ("FAC").) The FAC added allegations that the "interest may continue to accrue" language also violated § 1692e(2)(A) of the FDCPA. (FAC ¶ 10.)

The court subsequently ruled on GAT's first motion for summary judgment, which addressed only the § 1692g(a) violation. (Opinion and Order, ECF No. 34.) The court concluded the letter was not an initial communication under § 1692g(a) and, therefore, was not subject to the provision's requirements. (*Id*. at 8.) However, even if it were, the letter's language did not violate § 1692g(a). (*Id*. at 17–19.)

GAT then filed the instant motion for summary judgment ("Motion"), challenging the remaining § 1692e(2)(A) claim. (Def.'s Mot. for Summary J., ECF No. 36.)

*Legal Standard*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). Still, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a *genuine* issue for trial." FED. R. CIV. P. 56(e) (emphasis added). When "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

*Discussion*

Heffington claims GAT's letter violates § 1692e(2)(A) the FDCPA because it is "ambiguous and would leave an unsophisticated . . . consumer [] in doubt as to . . . (1) whether interest would continue to accrue at all after receipt of the letter; (2) whether such interest would be based on the total balance or only the principal balance; (3) what the applicable rate of interest is; and (4) how long the stated balance will remain valid as the amount to be paid . . . ." (FAC ¶ 10.)

GAT moves for summary judgment on three grounds. First, it argues that the challenged language cannot violate § 1692e(2)(A) because the same language complied with § 1692g(a). Second, it defends that the statement was not "false." Third, GAT asserts that the "may" language was most accurate because at the time the letter was sent, payment options available to Heffington

may have allowed her to avoid future interest accrual, and First Resolution could have waived its right to post-judgment interest.

The FDCPA prohibits false or deceptive practices in connection with debt collection. 15 U.S.C. §§ 1692 et seq. This "broad remedial statute" is construed liberally, "in favor of the consumer in order to effectuate [its] goal of eliminating abuse." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1078 (9th Cir. 2016) (citing *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011)).

In addition to the requirements § 1692g(a) imposes on initial communications from debt collectors, § 1692e prohibits generally "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2018). Subsection 1692e(2)(A) specifically proscribes "false representation of [] the character, amount, or legal status of any debt . . . ." Subsection 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect . . . any debt," and has been referred to as a "catchall" provision. *Gonzales*, 660 F. 3d at 1062.

"Whether conduct violates [§ 1692e] . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Id.* at 1061 (quoting *Donohue v. Quick Collect, Inc.*, 592 F. 3d 1027, 1030 (9th Cir. 2010) (internal citations omitted; alterations in original)). This standard is "designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Id.* at 1062 (internal quotation omitted). Still, the least-sophisticated debtor standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Id.* (internal quotation and alteration omitted).

In this circuit, a debt collector's liability under § 1692e of the FDCPA is a question of law. *Id.* at 1061 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir.1997)).

I. Falsity.

GAT argues that the "interest may continue to accrue" language does not violate § 1692e(2)(A) because the statement is not false. Heffington responds that "outright falsity" is not required; rather, a representation that is "misleading or deceptive" is enough to violate the FDCPA. (Pl.'s Resp. Br., ECF No. 39, at 3.)

In examining any statute, including the FDCPA, courts are "obliged to give effect, if possible, to every word Congress used." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006) (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (other citation omitted)). Indeed, the Ninth Circuit "ha[s] consistently . . . rejected interpretations that would render a statutory provision surplusage or a nullity." *Id.* (quoting *In re Cervantes*, 219 F.3d 955, 961 (9th Cir. 2000) (internal alteration omitted). "[S]tatutes should not be construed in a manner which robs specific provisions of independent effect." *In re Cervantes*, 219 F.3d at 961 (citations omitted). In the specific context of the FDCPA, each subsection plays its own role and demands independent analysis. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1723 (2017) (explaining "when we're engaged in the business of interpreting statutes we presume differences in language like [different words] convey differences in meaning" when interpreting distinct subsections of the FDCPA); *see, e.g.,Clark*, 460 F.3d at 1174–75 (examining the structural context of the FDCPA to conclude that § 1692e does not require an intentional act, because such an interpretation would render § 1692k(c) superfluous).

By its terms, § 1692e(2)(A) prohibits only "false" representations about a debt's character,

amount, or legal status — not representations that are merely misleading or deceptive. Though § 1692e generally and other subsections, including the catch-all, § 1692e(10), expressly prohibit "deceptive"or "misleading" representations in addition to those that are false, § 1692e(2)(A) contains no such language. Had Congress wished to prohibit misleading or deceptive representations about a debt's character, amount, or legal status, it would have done so. Instead, under the appropriate rule of construction, § 1692e(2)(A) forbids only "false" representations.

The Seventh Circuit addressed this issue in *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009), and held that a letter which may have misrepresented the amount of the debt nevertheless did not violate § 1692e(2)(A) because the language challenged was not "false." *Hahn,* 557 F.3d at 757 (explaining plaintiff "does not contend that the "interest due" line item was misleading. . . . Her only argument is that the letter is false — and, as we have concluded that the statement is true, the case is over.")

Heffington could have amended her complaint to add a claim under § 1692e generally, or under the § 1692e(10) catch-all. But Heffington made the strategic decision to allege only and specifically a violation of § 1692e(2)(A), with its more demanding "false" standard. She now attempts to revisit that choice by conflating the statutory standards of the FDCPA, reading into § 1692e(2)(A) words and elements that are noticeably absent from its text. Doing so would render superfluous § 1692e and its other subsections, robbing them of their respective effect.

Even if the court were to construe Heffington's FAC as also alleging a §§ 1692e(10) or1692e violation generally, she still fails to show the disputed "interest may continue to accrue" language was either "misleading" or "deceptive." Heffington alleges the letter misled as to (1) whether interest would continue to accrue at all after receipt of the letter, (2) whether accruing interest would

be based on the "total balance or only the principal balance," (3) what the interest rate is, and (4) how long the stated balance remains the amount owed. (FAC ¶ 10.) None of these allegations, however, assert that the letter made any affirmatively misleading or deceptive representations. Rather, Heffington asserts only that the letter omitted certain information somehow implicitly required.

Not so. As the court explained in its previous Opinion and Order with respect to § 1692g(a), "the letter contains a statement of the whole debt and makes clear that the post-judgment interest represented is that which has already been accrued." (Opinion and Order, ECF No. 34, at 17 (internal quotation omitted).) The letter "informed Heffington that her outstanding debt may increase, if not paid, because of future interest." (*Id.*) Omitting information that is not required to be included therein is not misleading or deceptive. *Cf. Newman v. Ormond*, 396 F. App'x 636, 639 (11th Cir. 2010) (holding letter violated neither § 1692e(2)(A) nor § 1692e(10) when it "expressly stated that the amount of [the] debt may vary daily based on additional interest, late charges, and collection costs, [which] was not a misrepresentation simply because the amount listed in it differed from the amount ultimately sought in settlement and judgment").

Heffington cites *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397–98 (D. Conn. 2010), for the proposition that "the failure to state that interest is accruing or the amount of interest affects the consumer's ability to know whether paying the amount alleged to be owed in the letter will pay off the debt at whatever point in time the debtor receives the letter or at what time [] in the future that will be true." (Pl.'s Resp. Br., at 4.) But that discussion involved § 1692g, not § 1692e. And, as the court explained in its prior Opinion and Order, this court, along with other judges in this district, have declined to adopt that district court's approach and are not required to do so. (*See* Opinion and Order, ECF No. 34, at 11–12, 13, 17.)

Heffington also claims such information is necessary for a consumer to know "what amount of payments are required in order to touch the principal of the debt." (Pl.'s Resp. Br., at 5.) But here, too, she provides no jurisprudential support to suggest either that such information is required or that its omission is misleading or deceptive.

The statement that "interest may continue to accrue" on Heffington's debt may not have been the most informative or conclusive, but it would not mislead or deceive even the least sophisticated debtor. Thus, Heffington fails to show that any genuine issue of material fact exists as to whether the representation violates §§ 1692e(2)(A), 1692e, or 1692e(10).

II. Relevance of the Court's § 1692g(a) Conclusion and *Riggs v. Prober & Raphael*, 681 F.3d 1097 (9th Cir. 2012), on the § 1692e(2) Claim.

Moreover, *Riggs* all but compels the aforementioned conclusion.

In *Riggs v. Prober & Raphael,* a debtor challenged an initial notice that erroneously implied she would have to dispute her debt in writing violated § 1692g(a)(3),[2] § 1692e, and § 1692e(10). *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1103–04 (9th Cir. 2012). The Ninth Circuit held the letter did not violate § 1692g(a)(3) because it only "implicitly," not "expressly," erroneously stated that the debt had to be disputed in writing. *Id.* at 1104. "Riggs's only argument that [the] notice violated [] § 1692e and § 1692e(10) [wa]s that the notice made a 'false representation' by 'misrepresenting [her] right to dispute the debt' by means other than a writing under § 1692g(a)(3)." *Id.* Therefore, "[a]ccordingly, because Riggs fail[ed] to establish a violation of § 1692g(a)(3), she also fail[ed] to establish a violation of §§ 1692e and 1692e(10) based on the same theory." *Id.*

[2] Section 1692g(a), in relevant part, mandates that a debt collector's initial communication must state "(1) the amount of the debt . . . [and include] (3) a statement that the debtor may dispute the validity of the debt." 15 U.S.C. § 1692g(a)(1), (3) (2018).

GAT argues that under *Riggs*, "disclosures that are made in compliance with section 1692g(a) . . . do not violate section 1692e." (Motion at 5 (citing *Riggs*, 681 F.3d at 1103–04).) According to Heffington, that "sweeping conclusion" goes too far. She notes that § 1692g(a)(3) — unlike § 1692g(a)(1), which was previously at issue here — requires that a debt collector "use [] the precise language of the sentences contained" therein, thus if an initial notice contains that specific language, it necessarily cannot violate the correlative subsections in § 1692e. In contrast, there are "potentially multiple ways to state the 'amount' of a debt" under § 1692g(a)(1). (Pl.'s Resp. Br., at 3.) Because "some of those ways could, while accurately stating the 'amount,' do so in such a way as to misrepresent the 'character or legal status' of the same debt," GAT's liability under § 1692e(2)(A), she poses, "remains a viable question." (*Id.*)[3]

The court agrees that GAT's interpretation — that *Riggs* establishes language that complies with § 1692g(a) necessarily complies with § 1692e — is too broad. However, the subtle distinction Heffington identifies is immaterial as applied in this case, and the argument based upon it, therefore, is unpersuasive.

A more accurate reading of *Riggs* directs that when language is challenged on a single ground, to the extent that §§ 1692g(a)'s and 1692e's requirements overlap — for example, with respect to stating the "amount" of a debt — compliance as to one subsection implies compliance

---

[3] At oral argument, Heffington also referenced *Pimentel v. Nationwide Credit, Inc.*, No. 17-20226, 2017 WL 5633310, at *4 (S.D. Fla. Nov. 13, 2017), for its holding that language stating the present balance of a debt, but with no mention of interest, had adequately disclosed the "amount of the debt" under § 1692g(a)(1) but, nevertheless, was misleading under § 1692e. *Pimentel* is directly at odds with *Riggs* on this issue. Because the merely persuasive authority of the Florida district court cedes to the Ninth Circuit authority, which is binding on this court, *Pimentel* is unavailing to Heffington. And even if *Pimentel* did govern here, as discussed *supra* in Part I, Heffington has not pleaded a claim under § 1692e, only under § 1692e(2).

with its corollary, at least with respect to the specific challenge asserted. Here, to the extent that both § 1692g(a)(1) and § 1692e(2)(A) require that a debt collection notice state the "amount of the debt" in a non-misleading way, the court's prior determination that the "interest may continue to accrue" language did not misstate the amount of the debt under § 1692g(a)(1), necessitates the same conclusion with respect to the "amount" element of § 1692e(2)(A).

Still, under a thorough *Riggs* analysis, the court also must analyze whether that language falsely represents "the character" or "legal status" of the debt under § 1692e(2)(A).

Cases interpreting the "character" or "legal status" components of § 1692e(2)(A) illustrate that those elements typically address whether the debt itself is collectable, for example, if it is barred by a statute of limitations or owed by someone else, or what comprises the debt, for example if the debt includes non-recoverable fees. *See, e.g.*, *Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 571 (S.D. Tex. 2015) (letter offering to settle consumer's unpaid debt upon discounted payment but omitting that statute of limitations on the debt had expired, misrepresented character or legal status because "the issue of whether a debt is legally enforceable is undoubtedly a central fact about the character and legal status of that debt" (internal alterations and quotation omitted)); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 60 (D. Mass. 2012), amended in part, 969 F. Supp. 2d 74 (D. Mass. 2013), aff'd in part, rev'd in part on other grounds, 775 F.3d 109 (1st Cir. 2014) (law firm misrepresented character and status of debt when it attached credit agreement providing for award of attorney fees despite that state law prohibited recovering such fees); *Vitullo v. Mancini*, 684 F. Supp. 2d 747, 758 (E.D. Va. 2010) (statement that letter's recipient, who was not a signatory to the debt, owed a debt was a false representation of the character

or legal status of the debt); *In re Hart*, 246 B.R. 709, 730–31 (Bankr. D. Mass. 2000) (letter demanding repayment of a "negative suspense amount" implied existence of a real debt, which misrepresented "the existence, character and legal status of the debt").

Again, nothing in the FAC or the record before the court suggests any such misrepresentations or deficiencies exist with respect to the disputed language here. Because the letter does not misrepresent the character or legal status of the debt, even under Heffington's nuanced interpretation of *Riggs*, the letter does not offend § 1692e(2)(A).

Finally, GAT argues that the "interest may continue to accrue" language was accurate because when the letter was sent, Heffington had "payment options [] available . . . that, if accepted, would have allowed [her] to avoid the accrual of future interest on her debt" and because First Resolution also "retained the right to unilaterally waive its right to collect post-judgment interest." (Motion at 12.) Based on the conclusions set forth above, the court need not address that argument.

Finally, in her response, Heffington also requests that under Federal Rule of Civil Procedure 56(d), the court not grant the Motion based on any finding of fact extrinsic to the letter itself, or, if such evidence is required, that the discovery period be reopened. As demonstrated above, the court's conclusions above do not rely on the extrinsic facts GAT presents, and therefore, the issue is moot.

/////

/////

/////

*Conclusion*

For the reasons stated above, GAT's Motion for Summary Judgment, ECF No. 36, is GRANTED.

IT IS SO ORDERED.

DATED this 8th day of August, 2018.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge